**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1594
_____

YUE YAN XIAO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-648-589)
Immigration Judge: Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2010

Before: AMBRO, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2010)
_____

OPINION

_____

PER CURIAM

Yue Yan Xiao petitions for review of a final order of removal as well as the denial of her motions for reconsideration and to reopen immigration proceedings. For the following reasons, we will deny the petition for review.

I.

Yue Yan Xiao, a native and citizen of the People's Republic of China, was placed in removal proceedings for entering the United States without being admitted or paroled after inspection by an immigration officer. She applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging past persecution and a fear of future persecution because she practiced Falun Gong.

At the hearing on her application, Xiao testified that she practiced Falun Gong in China and that officials tried to arrest her because she posted Falun Gong fliers in her village. She said the police came to her parents' house with an arrest warrant but she was not home. She hid at a friend's house and her parents arranged for her to come to the United States. Xiao testified that she still practices Falun Gong and fears that she will be arrested if she returns to China because officials are still looking for her. She gave almost no details or specifics about these events. The Immigration Judge ("IJ") found Xiao's testimony "meager" and insufficient to establish her entitlement to asylum or other relief. The IJ also found that Xiao failed to provide corroborating evidence for her claims. The IJ specifically cited the lack of statements from (1) Xiao's parents, who could corroborate

2

the attempted arrest and continued search for Xiao; (2) Xiao's sister, an asylee living in the United States in whom Xiao confided about her circumstances; and (3) the friend with whom she hid while waiting to come to the United States. The IJ further noted that Xiao provided no explanation for failing to obtain this corroboration despite testifying that either she or her parents could get in touch with all of these individuals. Xiao appealed to the Board of Immigration Appeals ("BIA"), who adopted and affirmed the IJ's decision on May 9, 2008.

About two months later, on July 28, 2008, Xiao filed a "Motion to Reopen/Reconsider." She sought to submit additional support for her application in the form of an article downloaded from the internet entitled "2007, the lost year [sic] for Falun Gong" and undated photographs of her participating in a Falun Gong demonstration in New York. On January 30, 2009, the BIA denied the motion. The BIA denied the motion for reconsideration as untimely because it was filed after the thirty-day deadline. See 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2). Regarding the request to reopen proceedings, the BIA denied relief on the basis that Xiao had not demonstrated that her supporting evidence was material or previously unavailable. See 8 C.F.R. § 1003.2(c)(1). The BIA further concluded that, even if this supporting evidence were considered along with the existing evidence of record, it was insufficient to establish eligibility for asylum. Id. On March 2, 2009, Xiao filed a petition for review of both BIA orders.

II.

3

As a threshold matter, we agree with the Government that we lack jurisdiction to review the BIA's May 2008 order dismissing Xiao's appeal because Xiao did not file a timely petition for review of that order. See 8 U.S.C. § 1252(b)(1) (providing for thirty days within which to file a petition for review); Stone v. INS, 514 U.S. 386, 405 (1995) (timely motion to reopen or reconsider does not toll running of filing period for review of BIA's underlying removal order). Xiao's petition for review was filed on March 2, 2009, within thirty days of the BIA's January 30, 2009 order denying reconsideration and reopening, but not within thirty days of the BIA's May 2008 order dismissing the appeal. Therefore, the petition is timely only with respect to the order denying Xiao's motion to reconsider and reopen.

III.

We review for abuse of discretion the denial of motions for reconsideration and motions to reopen. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005); Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We will uphold the BIA's factual determinations so long as "they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

The BIA denied Xiao's motion for reconsideration on the basis that it was filed

4

after the thirty-day deadline for such a motion had expired.  See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).  Xiao does not argue that the BIA erred in this regard; indeed she offers nothing on the issue other than to assert that untimeliness was an "officious ground" upon which to deny her motion.  In light of the undisputed evidence of record that Xiao's motion for reconsideration was filed after the statutory thirty-day deadline, the BIA did not abuse its discretion when it denied Xiao's motion as untimely.

Turning to the denial of Xiao's motion to reopen proceedings, such a motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  In her motion before the BIA, Xiao offered no proof that her evidence was previously unavailable.  Because Xiao failed to prove that the material she submitted to the BIA could not have been previously discovered, the BIA did not abuse its discretion in denying her motion on that basis.

And, contrary to Xiao's assertion that the BIA "ignored" her evidence, the BIA also  considered her "new" evidence and determined that it, combined with the evidence of record, was insufficient to establish her eligibility for asylum or CAT protection.  The BIA may deny a motion to reopen immigration proceedings where the movant has failed to establish a prima facie case for the relief sought.  See INS v. Doherty, 502 U.S. 314, 323 (1992).  Here, Xiao submitted undated photographs of her joining a Falun Gong demonstration in New York and an article from the internet recounting Falun Gong

5

activities in 2007. This evidence does not bear on, let alone establish, whether Xiao was persecuted in China for practicing Falun Gong. Nor has Xiao shown how the anecdotal account of Falun Gong activity in 2007 affects her likelihood of future persecution. See Shardar v. Att'y Gen., 503 F.3d 308, 316 (3d Cir. 2007) (an asylum applicant must make a showing of a particularized threat of persecution). For these reasons, the BIA did not abuse its discretion in denying Xiao's motion on the additional basis that she did not establish a prima facie case for the relief sought.

Accordingly, we will deny the petition for review.